**STATE of Utah, Plaintiff and Appellee,**

v.

**Juan Anthony PORTILLO, Defendant and Appellant.**

**No. 940387–CA.**

Court of Appeals of Utah.

March 28, 1996.

---

1. Whether another *cause of action* might provide some kind of remedy presents a different issue than whether there is an alternative remedy for the same cause of action.

2. The Court cites the following cases, none of which addresses the issue in this case: *Masonry Arts, Inc. v. Mobile County Comm'n*, 628 So.2d 334 (Ala.1993); *Horvath v. Loesch*, 87 Ill.App.3d 615, 43 Ill.Dec. 154, 410 N.E.2d 154 (1980); *Jones v. Matthis*, 89 Ill.App.3d 929, 45 Ill.Dec. 298, 298–99, 412 N.E.2d 649, 649–50 (1980); *Hazzard v. Westview Golf Club, Inc.*, 217 A.2d 217 (Me.1966); *Basiliko v. Welsh*, 219 Md. 602, 150 A.2d 220, 220–21 (1959); *Wagner v. Boggess Coal & Supply Co.*, 94 N.E.2d 64, 64–65 (Ohio 1950); *Westinghouse Elec. v. Grand River Dam Auth.*, 720 P.2d 713, 721 (Okla.1986).

Margaret P. Lindsay, Utah County Public Defender Association, Provo, for Appellant.

James R. Taylor, Deputy Utah County Attorney, Provo, Marian Decker, Assistant Attorney General, Criminal Appeals Division, Salt Lake City, for Appellee.

Before DAVIS, BILLINGS, and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

Defendant Juan Anthony Portillo appeals his convictions on various drug-related offenses. We reverse and remand for a new trial.

## FACTS

Defendant was charged with six felony drug-related offenses including several counts of distributing and/or arranging to distribute marijuana and singular counts of possession with intent to distribute marijuana, failure to obtain drug stamps, and possession of drug paraphernalia. Defendant was

convicted as charged on all counts. Defendant raises several issues on appeal. Because we conclude the trial court committed plain error in instructing the jury and thus remand for a new trial, we do not reach the remaining issues on appeal.

## ANALYSIS

■ Defendant acknowledges he did not object to the jury instructions he complains about on appeal. As a result, defendant must establish the trial court committed "plain error" by demonstrating "(i) [a]n error occurred; (ii) the error was obvious; and (iii) the error was harmful." *State v. Menzies,* 889 P.2d 393, 403 (Utah 1994). An error is harmful if, "absent the error, there is a reasonable likelihood of a more favorable outcome," or "our confidence in the verdict is undermined." *State v. Dunn,* 850 P.2d 1201, 1208-09 (Utah 1993).

Defendant contends the trial court committed plain error when it instructed the jury, as an element of the offense, that it could not find defendant guilty of counts II and/or III, unless the jury first convicted defendant for the offense charged in count I as a prior violation of the same drug statute. Count I was charged as a third degree felony and, because they were viewed as "second or subsequent convictions" under Utah Code Ann. § 58-37-8(1)(a) (Supp.1995), counts II and III were charged as second degree felonies. Instructions 4 and 5 regarding counts II and III added as a seventh element of the charged crime that the jury find "[t]hat this distribution was a second or subsequent violation occurring after a previous violation of the same statute."

■ Defendant asserts that whether or not a charge is a "second or subsequent" violation is not a substantive element of the charged crime, but is rather a sentencing enhancement. We agree. The trial court erred when it instructed the jury that a substantive element of counts II and III was "[t]hat this distribution was a second or subsequent violation occurring after a previous violation of [section 58-37-8(1)(a) ]." Moreover, a review of the plain language of this statute reveals this error was obvious. Finally, on the facts in the instant case, we conclude the error was also prejudicial.

Defendant concedes that because the instructions required the jury to find more elements than set forth in the statute before it could convict defendant of counts II and III, in an abstract sense, the instruction was more helpful than harmful to defendant. However, defendant argues the factual circumstances in the present case rebut this proposition. We agree.

■ Defendant asserts that because the instructions prevented the jury from evaluating each charge individually, the jury was forced to make an all-or-nothing finding of guilt. Specifically, if the jury did not convict defendant of count I and/or II, it could not likewise convict him of count III. Defendant contends the reasonable inferences from the record indicate the jury wanted to convict defendant only of count III, but as instructed, it could not. Defendant points out that after a lengthy deliberation, the jury submitted a question to the trial judge stating, "The 3rd charge, instruction # 5, element # 7 refers to this charge as a subsequent violation. If count one and count two are 'not guilty,' can a guilty verdict be given for count 3[?]" The court responded "no" and almost immediately thereafter the jury returned with a guilty verdict on counts I, II, and III. Defendant asserts the jury's question, coupled with the fact that the evidence supporting counts I and II was similar and much less convincing than the evidence supporting count III, and that the verdict was rendered almost immediately after the question was answered, demonstrates the jury was contemplating a not guilty verdict as to counts I and II.

■ After a careful review of the record, we agree with defendant that absent the trial court's error in instructing on counts II and III, "there is a reasonable likelihood of a

more favorable outcome," such that "our confidence in the verdict is undermined." *Dunn*, 850 P.2d at 1208–09. Accordingly, we reverse and remand the instant matter for a new trial consistent with this opinion.[1]

DAVIS, Associate P.J., and GREENWOOD, J., concur.

---

[1] Defendant also argues the trial court committed plain error when it informed the venire panel of the penalties for the charged offenses during voir dire. For guidance on remand, we note it is generally error for the trial court to discuss the punishments imposed for the charged offenses with the venire panel during voir dire. It is the jury's task to find facts and to decide the guilt or the innocence of the accused on those facts. *Shannon v. United States*, —— U.S. ——, ——, 114 S.Ct. 2419, 2424, 129 L.Ed.2d 459 (1994). Thus, ordinarily, punishment is outside the province of the jury and therefore should not be discussed with the venire panel. *State v. Blubaugh*, 904 P.2d 688, 701 (Utah App.1995).